UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

GREGORY E. RULEY et al.                                                                    PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 4:10-CV-P34-M

SOUTHERN HEALTH PARTNERS OF CHATTANOOGA                               DEFENDANT

## MEMORANDUM OPINION

Plaintiffs, Gregory E. Ruley and James A. Sallee,[1] filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**MOTION TO AMEND**

First, the Court will consider Plaintiffs' motion to submit evidence (DN 3) which was submitted at the same time as they filed their complaint. The Court construes this motion as a motion to amend the complaint, which is **GRANTED**. *See* Fed. R. Civ. P. 15(a).

## I. SUMMARY OF CLAIMS

Plaintiffs sue in its official capacity Southern Health Partners. Defendant appears to provide medical services at the Hopkins County Jail. Both Plaintiffs allege that they have been subjected to cruel and unusual punishment in connection with their medical treatment. Plaintiff Ruley alleges that his rights were violated on "11-22-09–11-25-09–1-06-10. I have several different issues that the medical staff here will not address from having a small heart attack here in Nov. 09. And not even being taken to the hospital for evaluation: Also from vomiting blood.

---

[1] The complaint was signed by a third plaintiff, Daniel L. Mullen. By separate Order, Plaintiff Mullen has been dismissed from this action for failure to respond to an order of this Court.

The medical staff is very aware and are subjecting me to cruel and unusual punishment." Plaintiff Ruley submits a copy of a grievance concerning a nurse's refusal to see him after he complained of pressure and burning in his chest because, she said, Plaintiff refused to take his blood pressure medicine. Plaintiff Ruley stated in his grievance that he did not refuse to take his medicine but had only stated that the nurse should not order any more for him because he could get it cheaper through his doctor. In another grievance dated a few days later, Plaintiff Ruley complained of being kept on medical watch for the past few days, which he found very stressful because it meant he could not call his eight-year old son. He states: "The nurses had authority to place me on medical watch but cannot get anyone to release me." The response by the hearing officer was that Plaintiff Ruley was placed on medical watch per the doctor until the doctor could review Plaintiff Ruely's recent EKG results and that due to Plaintiff Ruley's history and routine complaints of chest pain he required this monitoring. He also submits a grievance form from a few weeks later in which he complains that he was not given any medication for his heartburn at night and was told to fill out a sick-call slip for the day shift. The response by the hearing officer was that around-the-clock medical care is provided for emergencies and that non-emergency care requires a sick call.

      Plaintiff Sallee states that his rights are being violated due to several issues not being addressed by the medical staff: "mental issues, physical issues. No medication given." He submits five pages of medical records concerning wound care on his left foot and a discharge referral form from the Kentucky Correctional Psychiatric Center where he apparently was evaluated in June 2008.

      As relief, Plaintiffs ask for monetary damages and for a reduction in sentence.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claim for reduction in sentence*

Plaintiffs' claims for a reduction in sentence must be dismissed. A reduction of sentence is not available to a plaintiff as relief under 42 U.S.C. § 1983. *See Preiser v. Rodriquez*, 411 U.S. 475 (1973). A state prisoner's claim for injunctive relief that is a request for a reduction is sentence is only cognizable under 28 U.S.C. § 2254. *Carney v. Sundquist*, No. 96-5320, 1997 WL 135619, at *2 (6th Cir. Mar. 24, 1997) (citing *Preiser*, 411 U.S. at 488-90)).

*Monetary claims*

A private corporation, like Southern Health Partners, "is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, a private

3

corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir.1996).

Plaintiff Sallee makes no allegation that the alleged constitutional deprivation was caused by a policy or custom of Defendant. Consequently, Plaintiff Sallee fails to state a claim against Defendant, and his claim will be dismissed.

Viewing the complaint liberally, it could be argued that Plaintiff Ruley is alleging that his constitutional rights were violated by an official policy or custom of Southern Health Partners. Therefore, the Court will allow Plaintiff Ruley's monetary damages claim against Defendant Southern Health Partners to go forward. In doing so, the Court expresses no opinion as to the ultimate merit of Plaintiff Ruley's claims.

Date:


cc: Plaintiffs, *pro se*
 Defendant
 Hopkins County Attorney
4414.009