# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT OWENSBORO

**GREGORY E. RULEY**                                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 4:10CV-P34-M**

**SOUTHERN HEALTH PARTNERS et al.**                                   **DEFENDANTS**

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Gregory E. Ruley has filed a supplemental complaint (DN 41), and an application to proceed without payment of fees (DN 42). Plaintiff Ruley having already been granted permission to proceed in this case without prepayment of fees, *see* DN 11, his current application (DN 42) is **DENIED as moot**.

The Court now turns its attention to Plaintiff's supplemental complaint, which the Court interprets to be a motion to supplement the complaint (DN 41). The original complaint was filed on March 16, 2010. It alleges that Southern Health Partners had failed to address certain health issues such as not being evaluated after a heart attack in 2009 and not addressing his vomiting blood. His supplemental complaint was filed on November 19, 2010. In the supplemental complaint, he adds as a Defendant Nurse Angela Pleasant, who he sues in her individual and official capacity, and alleges that his constitutional rights were violated in April 2010 by Defendants' treatment, or lack thereof, of his back. He alleges that he suffered from cruel and unusual punishment because his back problems were not addressed and that Defendant Pleasant was in charge of all of the medical procedures that were denied.

Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "A motion

to supplement a complaint under Fed. R. Civ. P. 15(d) is properly addressed to the discretion of the trial court." *Allen v. Reynolds*, No. 89-6124, 1990 WL 12182, at *2 (6th Cir. Feb. 13, 1990) (citing *Otis Clapp & Sons, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985)).

Defendants filed an objection to the supplemental complaint (DN 43). They point out that the deadlines for discovery and for Plaintiff to file his pretrial memorandum had already passed by the time Plaintiff filed his supplemental complaint and that the deadline for filing dispositive motions, December 8, 2010, was fast approaching. They also point out that seven months had elapsed since the alleged events in April 2010, which form the nucleus of the supplemental complaint, and that Plaintiff could have supplemented his complaint sooner. However, since filing their objection they have answered the supplemental complaint and have filed a motion to dismiss or for summary judgment (DN 45) in favor of both Defendants (Southern Health Partners and Angela Pleasant). Their dispositive motion with regard to the claim in his supplemental complaint does not seem to have suffered despite the supplemental claim not having been made until after the discovery period had passed.

The supplement to the complaint serves FED. R. CIV. P. 15(d)'s purpose of bringing the lawsuit up to date and does not appear to have resulted in undue prejudice to Defendants. *See Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148, 155 (E.D. Mich. 1998). The motion to supplement the complaint (DN 42) is **GRANTED**.

Date:

cc:     Plaintiff, pro se
        Counsel of record
4414.009